UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andrew Marshall McElrath, | ) | C/A No. 5:16-cv-02511-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| Bryan P. Stirling; | ) | |
| Michael McCall; | ) | |
| Anderson County Detention Center, and | ) | |
| Sgt. Goolsby, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court). Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By Order dated July 20, 2016, Plaintiff was given a specific time frame in which to bring this case into proper form. Plaintiff has complied with the court's Order, and this case is now in proper form.

Also, by Order dated August 31, 2016, ECF No. 15, the court granted Plaintiff's Motion to Stay under October 1, 2016. That date has passed, and **the stay is now lifted**.

On September 26, 2016, Plaintiff submitted a Motion to Amend, attaching a two page document that he captioned "Second Complaint." ECF No. 20. Review of the document discloses that it is more properly construed as a supplemental pleading because it expands on allegations and subject matter contained in the original Complaint.[1] The Motion to Amend is **GRANTED** and docketing instructions are provided later in this Order.

PAYMENT OF THE FILING FEE:

---

[1] The contents of that document, along with those in the original Complaint, were considered in the connection with the preparation of the Report and Recommendation being issued contemporaneously with this Order.

1

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[*] *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a), (b). Because the court hereafter grants Plaintiff permission to proceed *in forma pauperis*, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.**

Plaintiff submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and a Financial Certificate, which are construed as a Motion for Leave to Proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). A review of the Motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Plaintiff is currently $350.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **granted**.

<u>TO THE CLERK OF COURT</u>:

The Clerk of Court is directed to docket the document that is currently found at ECF No. 20-1 as an attachment to the Complaint, ECF No. 1, and to label the attachment "supplemental pleading."

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. § 1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue any summonses nor shall the Clerk of Court forward this matter to the United States Marshal for service of process at this time.

IT IS SO ORDERED.

October 24, 2016  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

---

[*] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350. The $50 administrative fee, however, is <u>not</u> applicable to *in forma pauperis* cases.