UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andrew Marshall McElrath, | ) | C/A No. 5:16-cv-02511-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Bryan P. Stirling; | ) | |
| Michael McCall; | ) | |
| Anderson County Detention Center, and | ) | |
| Sgt. Goolsby, | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

Andrew Marshall McElrath ("Plaintiff") alleges the South Carolina Department of Corrections ("SCDC") has not properly calculated his sentence on a conviction for escape. Plaintiff asserts that the judge who accepted his plea on the escape charge ordered that Plaintiff receive credit for time served in detention after his escape, but SCDC did not award that credit. Compl. 5, ECF No. 1. Plaintiff asks this court to order SCDC to award him credit for time served while awaiting trial on other charges in a different county and to recalculate his sentence. Plaintiff

also asks the court to award him $1000.00 for each day he is held beyond his "correct release date." *Id*. at 17.

Plaintiff also asserts that he was subjected to retaliation because he escaped from SCDC custody and because of his "legal filings in . . . case 5:14-00743-BHH-KDW," Compl. 5, and that he was charged by someone with an excessive fine "in the amount of $16,226.83. . . without a hearing as SCDC policy requires[,]" Suppl. Compl 1, ECF No. 1-5. He asks this court for injunctive relief in the form of an order directing "SCDC to remove this $16,226.83 unlawful restitution" from his inmate financial account and "to clear out any and all remaining outstanding debts pending against" his inmate financial account. *Id*. at 2.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330

F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.     Discussion

Plaintiff's claim relating to the calculation of his sentence for escape is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because, if the claim were successful, it would necessarily call into question the validity of Plaintiff's continued confinement after a certain date. In other words, it calls into question the validity of his escape sentence. In *Heck*, the United States Supreme Court stated,

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (emphasis added) (footnote omitted).

Although *Heck* was decided in the context of a plaintiff who was essentially attacking a conviction, the Court's reasoning has been extended to prisoners who are attacking sentence calculations and loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 644-46 (1997). As the Court explained in *Edwards*, a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Id.*; *see Pierce v. Freeman*, 121 F.3d

699 (4th Cir. 1997); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 is unavailable: whenever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition against his immediate custodian."). The reasoning of *Heck v. Humphrey* and its progeny is that a prisoner should not be able to use a suit for damages to get around the procedures that have been established for challenging the lawfulness of continued confinement. It is irrelevant whether the challenged confinement is pursuant to a judgment imposing a sentence or an administrative refusal to shorten the sentence by applying credits to the sentence. *See, e.g., Miller v. Ind. Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996); *Joe v. Ozmint*, No. 2:08-cv-585-PMD-RSC, 2009 WL 3124425, at *12-13 (D.S.C. Sept. 29, 2009); *Stevens v. S. C. Dep't of Corrs.*, No. 0:05-3237-PMD, 2006 WL 1074996, at * (D.S.C. April 20, 2006); *see also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) *(Bivens* suit seeking damages for alleged miscalculation of federal prisoner's sentence barred by *Heck* ); *Rooding v. Peters*, 92 F.3d 578, 580-81 (7th Cir. 1996) (suit for damages under § 1983 for miscalculation of sentence credits did not accrue until plaintiff prevailed in state mandamus action). Thus, while § 1983 is unavailable to Plaintiff, he can seek the recalculation of his state sentence in federal court by way of a writ of habeas corpus once he has fully exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff does not allege that any state or federal court has ever found that his sentence was improperly calculated, nor does he present any exhibits indicating that he has prevailed in a legal

4

action regarding the calculation of the length of his sentence. To the contrary, Plaintiff presents documents showing that he filed an appeal in the South Carolina Administrative Law Court ("ALC") claiming that his sentence was miscalculated and, on May 26, 2016, that case was remanded to SCDC for 60 days to obtain records needed for the court to determine the propriety of the calculation of Plaintiff's sentence for his escape conviction. ECF No. 1-3 at 22-23. The requested records were submitted to the ALC on June 16, 2016. *Id*. at 25. The current status of the ALC appeal is unclear, but it appears clear through Plaintiff's prosecution of this case that no decision has yet been rendered finding that the sentence was miscalculated. Therefore, in light of the decisions in *Heck* and *Edwards*, until he has successfully challenged his sentence calculation in state court or in federal habeas corpus, Plaintiff is barred from seeking vindication in this suit for damages and injunctive relief. *Miller*, 75 F.3d at 331.

Furthermore, even if Plaintiff's sentence-calculation claim were properly before this court as a § 1983 claim, it would still be subject to summary dismissal because Plaintiff fails to allege any personal wrongdoing by any of the named Defendants. Although he lists four Defendants, Plaintiff's allegations mention none of them directly. It is settled that to state a plausible § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012). A plaintiff, such as Plaintiff is this case, suing a government official in his individual capacity and thereby seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right complained of. *See Graham*, 473 U.S. at 166; *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no

specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading).

Additionally, Plaintiff's allegations concerning retaliation and restitution fail to state a plausible claim against any of the named Defendants because Plaintiff does not allege that any of the named Defendants had any personal involvement in the imposition of the restitution amount. Moreover, even if Plaintiff had asserted personal involvement by one of more of the named Defendants in the restitution imposition, his attempted claim would still fail because he does not allege that the imposition of the restitution amount against his inmate account had any negative effect on his exercise of any constitutional right. Bare assertions of retaliation do not establish a claim of constitutional dimensions. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994). In order to state a claim for retaliation, an inmate must show that the alleged retaliation had an adverse impact on the exercise of his constitutional rights. *Id.* at 75. "In the prison context, we treat such claims with skepticism because '[e]very act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct.'" *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (quoting *Adams*, 40 F.3d at 74).

Finally, even if *Heck* did not bar the sentencing-calculation aspect of the Complaint, if Plaintiff had sufficiently alleged personal wrongdoing, or if there were sufficient allegations to establish a plausible retaliation claim, one of the Defendants that Plaintiff has named—Anderson County Detention Center—could not be held liable under § 1983 for any violation of Plaintiff's

federal constitutional rights. Inanimate objects such as buildings, facilities, and grounds do not act under color of state law. Hence, the Anderson County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

*[signature]*

October 24, 2016                                            Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).