IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath,      )<br>                                              )<br>                    Plaintiff,      )<br>                                              )<br>v.                                          )<br>                                              )<br>Bryan P. Stirling;                   )<br>Michael McCall;                    )<br>Anderson County Detention Center, and )<br>Sgt. Goolsby,                        )<br>                                              )<br>                    Defendants.  )<br>_____) | Civil Action No. 5:16-2511-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Andrew Marshall McElrath's ("Plaintiff") pro se complaint, which was filed on July 8, 2016. Plaintiff currently is an inmate in Ridgeland Correctional Institution, part of the South Carolina Department of Corrections. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the matter was referred to a United States Magistrate Judge in order to review all pretrial matters and submit findings and recommendations to this Court. *See* 28 U.S.C. §§ 1915(e); 1915(A) (as soon as practicable after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff did not specifically state the legal basis for his Complaint; however, a review of its substance reveals that it is properly construed as made pursuant to 42 U.S.C. § 1983, and the Magistrate Judge construed it as such. On October 24, 2016, Magistrate Judge Kaymani D. West issued a report and recommendation ("Report") outlining Plaintiff's complaint and recommending that the Court dismiss the action without prejudice. Specifically, the Magistrate Judge determined that Plaintiff's claim relating to the calculation

of his sentence for escaping from a state correctional facility is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). If the claim were successful, it would necessarily call into question the validity of Plaintiff's escape sentence, and he has not first shown that his conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. While § 1983 is unavailable to Plaintiff at the current juncture, he can seek recalculation of his state sentence in federal court by way of a writ of habeas corpus once he has fully exhausted his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Moreover, the Magistrate Judge correctly explains that even if Plaintiff's sentence-calculation claim was properly before the Court under § 1983, it would still be subject to summary dismissal because Plaintiff has failed to allege any personal wrongdoing by the named Defendants and therefore has not shown the requisite "causal connection" or "affirmative link" between the conduct of which Plaintiff complains and the officials sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985).

The Magistrate Judge further concluded that Plaintiff's allegations concerning retaliation and restitution fail to state a plausible claim against any of the named Defendants because Plaintiff does not allege that any of the named Defendants had personal involvement in the imposition of the restitution amount. Even if Plaintiff had asserted personal involvement by Defendants, his § 1983 claim would still fail because he does not allege that the imposition of the restitution amount against his inmate account adversely impacted the exercise of his constitutional rights. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

Plaintiff filed written objections to the Magistrate Judge's Report on November 3, 2016.  Nowhere in his objections does Plaintiff respond to any of the Magistrate Judge's findings and recommendations.  Instead, Plaintiff asks the Court to stay the case and wait until the Supreme Court of South Carolina rules on a pending habeas corpus proceeding in which he challenged the calculation of his escape sentence.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Although Plaintiff did not actually raise specific objections to the Magistrate Judge's Report, the Court conducted a de novo review in an abundance of caution. After that review, the Court finds that the Magistrate Judge correctly summarized the facts and applied the appropriate legal standards. The Court further finds that the Report evinces no error and that the case is subject to summary dismissal for all of the reasons stated in the Magistrate Judge's recommendation. The Court declines to grant a stay of this matter.

Even if the Supreme Court of South Carolina rules in Plaintiff's favor on his sentence-calculation claim, it will not solve the fundamental deficiencies with Plaintiff's pleading scheme, which are itemized above and more fully in the Report.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 25); overrules Plaintiff's objections (ECF No. 28); and dismisses this action without prejudice.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

November 7, 2016
Charleston, South Carolina